**Stanton M. BUCH; Sharon A. Stinus, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 16-35287**

United States Court of Appeals, Ninth Circuit.

Submitted August 17, 2017 *
Anchorage, Alaska

Filed August 21, 2017

Ben Whipple, Attorney, Law Offices of Benjamin I. Whipple, Palmer, AK, for Plaintiffs-Appellants

Richard L. Pomeroy, Assistant U.S. Attorney, John Anthony Fonstad, Office of the U.S. Attorney, Anchorage, AK, for Defendant-Appellee

Before: GRABER, CLIFTON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Plaintiffs Stanton M. Buch and Sharon A. Stinus timely appeal the district court's dismissal of their claims under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, as barred by the doctrine announced in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Reviewing de novo, Whittaker Corp. v. United States, 825 F.3d 1002, 1005 (9th Cir. 2016), we affirm.

Plaintiffs challenge the correctness of the Supreme Court's decision in Feres. Because the Supreme Court has not overruled Feres, we must follow it. See, e.g., State Oil Co. v. Khan, 522 U.S. 3, 20, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997) ("[I]t is [the Supreme] Court's prerogative alone to overrule one of its precedents."); Kingman Reef Atoll Invs., L.L.C. v. United States, 541 F.3d 1189, 1196 (9th Cir. 2008) ("[I]n the absence of any Supreme Court decision overruling [an earlier Supreme Court precedent], we must follow the Supreme Court precedent that directly controls, leaving to the Court the prerogative of overruling its own prior decisions." (internal quotation marks omitted)); see also Costo v. United States, 248 F.3d 863, 869 (9th Cir. 2001) ("[W]e are bound to follow this well-worn path [of Feres].").

**AFFIRMED.**

---

* The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.